**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nicole J. Kiousis, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  11 C 33 |
| Encore Receivable Management, Inc., a Kansas corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Nicole J. Kiousis, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection letter violates the FDCPA, and to recover damages for this violation, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Nicole J. Kiousis ("Kiousis"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom the Defendant attempted to collect a delinquent consumer debt allegedly owed for an HSBC credit card.

1

4. Defendant, Encore Receivable Management, Inc. ("Encore"), is a Kansas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Encore was acting as a debt collector as to the debt it attempted to collect from Ms. Kiousis.

5. Defendant Encore is licensed to conduct business in Illinois and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Encore conducts business in Illinois.

6. Defendant Encore is licensed to act as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Encore acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Defendant Encore sent Ms. Kiousis an initial form collection letter, dated May 26, 2010, demanding payment of a delinquent consumer debt owed for an HSBC credit card. A copy of this letter is attached as Exhibit C.

8. Although most debt collector's provide the 30-day validation notice – that the consumer has 30-days to dispute the validity of the debt, etc. -- required by § 1692g of the FDCPA on their initial collection letter, Encore's letter failed to include this notice.

9. Moreover, Encore failed to provide Ms. Kiousis with the 30-day validation notice within 5 days of its initial collection letter.

10. All of Defendant Encore's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11. Defendant Encore's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g Of The FDCPA–
Failure to Provide the 30-Day Validation Notice**

12. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, i.e., notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.

13. Defendant's May 26, 2010, letter was its initial communication to Ms. Kiousis, and it failed to include the 30-day validation. Moreover, within 5 days of this letter, Ms. Kiousis was not provided by Encore with the notice required by § 1692g of the FDCPA. Defendant Encore has, therefore, violated § 1692g of the FDCPA.

14. Defendant Encore's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

15. Plaintiff, Nicole J. Kiousis, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for an HSBC credit card, via the same initial form collection letter that was sent to Plaintiff (Exhibit C), which did not contain a 30-day validation notice, and as to which said notice was not provided to the consumer within 30 days of the initial letter, from one year before the

date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

16. Defendant Encore regularly engages in debt collection, using the same form collection letter it sent Plaintiff Kiousis, in its attempts to collect delinquent consumer debts from other consumers.

17. The Class consists of more than 35 persons from whom Defendant Encore attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Kiousis.

18. Plaintiff Kiousis' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

19. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

20. Plaintiff Kiousis will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not

extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Kiousis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Nicole J. Kiousis, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Kiousis as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violate the FDCPA;

4. Enter judgment in favor of Plaintiff Kiousis and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nicole J. Kiousis, individually and on behalf of all others similarly situated, demands trial by jury.

Nicole J. Kiousis, individually and on behalf of all others similarly situated,

By:/s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: January 4, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com