

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nicole J. Kiousis, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Encore Receivable Management, Inc., a Kansas corporation, )<br>)<br>Defendant. ) | No. 11 C 33<br><br>Judge Leinenweber |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated March 10, 2011.

2. On April 12, 2011, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved and a Class was certified in this matter.

3. Pursuant to ¶ 10 of the Settlement Agreement, the Notice of Class Action was mailed by Plaintiff's Counsel, to each of the 2,768 class members with good addresses. Two Hundred Ninety (89) notices were returned by the United States Postal Service as undeliverable, with a forwarding address, and were re-mailed, while 290

were returned by the United States Postal Service as undeliverable with no further information.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members of the Class opted-out of this action, while 361 members of the Class returned claim forms.

5. The Complaint in this action alleged that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendant denies that it has in any way violated the FDCPA.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendant's net worth or $500,000. Here, the Defendant could be subject to the statutory maximum of $500,000.

8. The Settlement Agreement calls for payment of $1,000 to the Class Representative, Nicole J. Kiousis and payment of $155,000 to the Class to be distributed pro-rata to each of the 361 class members who returned a claim form, with a maximum payment of $500 each. The Court finds these amounts to be fair, adequate and reasonable because the individual Plaintiff and the Class are receiving a sufficient amount of statutory damages under the FDCPA.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to

be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. Pursuant to ¶9 of the Settlement Agreement, the $155,000 Class settlement fund shall be distributed by Plaintiff's Counsel, pro-rata to the members of each Class who returned a claim form, with a maximum payment of $500 per claim, and, within 60 days of the final approval of the settlement, checks shall be mailed to each class member who returned a claim form. Any portion of the $155,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, or because money is left over after distribution of the funds to the class members, shall be distributed to equally to the Chicago Legal Clinic and the Chicago Bar Association Foundation as a <u>cy pres</u> remedy. Pursuant to ¶ 9 of the Settlement Agreement, 120 days after final approval, Class' Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or were not cashed and the amount distributed to the <u>cy pres</u> recipients.

11. Pursuant to ¶ 8 & 9 of the Settlement Agreement, the Defendant is to pay $21,000 for Class Counsel's attorneys' fees and costs. Class Counsel has submitted a motion detailing that their attorneys' fees and costs exceed this amount and thus their motion is granted and this amount is approved.

12. Pursuant to ¶ 9 of the Settlement Agreement, the $1,000 due to the Class Representative, the $155,000 due to the Class, the $17,000 due for the cost of mailing the class notice and distributing the settlement fund and the $21,000 due for attorneys'

fees and costs, shall be paid by Defendant to Class Counsel within 21 days of the date of this order, which is to be held in trust until the 30-day appeal period has run.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement, dated March 10, 2011, is hereby approved.

2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Defendant and its mailing service, Renkim Corporation, their past or present parents, affiliates, subsidiaries, successors, and assigns, and its present or former directors, officers, employees and agents (the "Released Parties"), of and from all causes of action, suits, claims and demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiff and the Class now have, ever had, or hereafter may have against the Released Parties, arising out of or relating to the claims that were asserted or alleged in the Complaint or which could have been asserted in the lawsuit and arising out of Defendant's alleged violations of the FDCPA. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief under § 1692k(a)(3) of the FDCPA against Plaintiff or against any member of the Class arising out of Defendant's alleged violations of the FDCPA. However, nothing herein shall bar Defendant from attempting to collect the underlying debts owed by Class members.

3. Defendant shall pay $194,000 ($1,000 due to the Class Representative, $155,000 due to the class members, $17,000 due for the cost of mailing

and $21,000 for Plaintiff's attorneys' fees and costs) to Class Counsels' Fiduciary Account within 21 days of the final approval of the this settlement; 120 days after the approval of the settlement, Class' Counsel shall provide the Court and Defendant's Counsel with a report regarding the number of checks that were returned or remain uncashed, and shall distribute any remaining funds equally to the Chicago Legal Clinic and the Chicago Bar Association Foundation as a <u>cy</u> <u>pres</u> remedy.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby dismissed with prejudice and without costs.

6. This order resolves all claims against all parties in this action.

ENTER:

Judge Harry D. Leinenweber,
United States District Court

DATED: June 21, 2011